AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

10-409

| United States District Court | District | MIDDLE DISTRICT OF LOUISIANA |
|---|---|---|
| Name: Virgil L. Smith | Prisoner No. 89717 | Case No. 357133 |

Place of Confinement: LOUISIANA STATE PENITENTIARY, ANGOLA, LOUISIANA

SECT. F   MAG. 6

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

V.    N. BURL CAIN, Warden

The Attorney General of the State of: LOUISIANA

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  St. Tammany, Parish of, State of Louisiana.  22nd Judicial District Court. Doc. No. 357133

2. Date of judgment of conviction ,

3. Length of sentence .  15 Years $1000 fine

4. Nature of offense involved (all counts)  Violation of La. R.S. 14:95.1 Convicted felon possessing a firearm or carrying a concealed weapon

5. What was your plea? (Check one)
   (a) Not guilty  [✓]
   (b) Guilty  [ ]
   (c) Nolo contendere  [ ]
   If you entered a guilty plea to one count or indictment, and not guilty to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  [✓]
   (b) Judge only  [ ]

   TENDERED FOR FILING

7. Did you testify at trial?
   Yes [ ]   No [✓]

   FEB 12 2010
   U.S. DISTRICT COURT
   Eastern District of Louisiana
   Deputy Clerk

8. Did you appeal from the judgment of conviction?
   Yes [✓]   No [ ]

   Fee _Pauper_
   Process ___
   X Dktd ___
   CtRmDep ___
   Doc. No. ___

(1)

AO 241  (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  First Circuit Court of Appeal Doc. No. 2005-KA-0164

   (b) Result  Denied on Nov. 4, 2005. filed for rehearing 11-18-05, Denied - Dec. 28, 05

   (c) Date of result and citation, if known  Same as above, and No. 2008-KW-2026

   (d) Grounds raised  _____

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court  The Louisiana Supreme Court

   (2) Result  Denied December 18, 2009

   (3) Date of result and citation, if known  Dec. 18 2009, No. 2009-KH 0565

   (4) Grounds raised  _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court  _____

   (2) Result  _____

   (3) Date of result and citation, if known  _____

   (4) Grounds raised  _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes  [✓]   No  [ ]

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  22nd J.D.C. Parish of St. Tammany

    (2) Nature of proceeding  Application for post-conviction relief Denied.

    (3) Grounds raised  _____

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) trough (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The Trial Court Erred In not Proving other Crimes Evidence to Support charge of conviction felon in Possession of A firearm.

Supporting FACTS (state *briefly* without citing cases or law): The Court Allowed the state to use An illegal charge to prove that Smith was an convicted felon, when the A.D.A. couldn't not prove what the charge was or if the plea Agreement was Knowing And voluntary Guilty Plea. Denied petitioner's Due Process of Law; Violation of the constitution of the United States And State of Louisiana constitution.

B. Ground two: Prosecutor use An illegal charge to Prove It's burden. That Petitioner was A convicted felon of forible Rape

Supporting FACTS (state *briefly* without citing cases or law): The Prosecutor use A charge, that they claim was A forible Rape, when The minutes, shows An plea to A Twenty Five (25) Years, Sexual Battery (LA.R.S.14:43.1) in 1979, July 27. (In the Criminal District Court, Parish of Orleans, Section "B".) Because the state never prove what this said conviction was, Deprive of the right to A fair trial, in the interest of Justic.

(4)

C. Ground three: The Trial Court had no Jurdiction over the charge since It was never Timely Instituted, And violated his Right to Due Process.

Supporting FACTS (state *briefly* without citing cases or law): There is no Records to show that this charge was instituted in the According to guideline, upon the prosecution refusal of a charge. The charge had been dismiss for over (3) Three years, and Record, s of the court prove this. See Exhibit's, that prove this charge is still on records as Refuse. Ask this court to Sappument, in support.

D. Ground four: State Evidence was not Sufficiency to support charge or conviction.

Supporting FACTS (state *briefly* without citing cases or law): The prosecutor had no evidence to support his claim of convicted felon in possession of a firearm. The prosecutor never prove prior conviction, nor prove that this was the same smith, ever charge with this charge. And because of this did prejudice him. (See Added claim on Added page's)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: No sure if in claim's, 12 A, B, C, or D were presented in this claim or one of the other writ's, direct or indirectly. But A look, into the records, would make clear of that fact.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☑ No ☐ Motion for Rehearing in the LA. Supreme Court.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein: Walter Alfred, A ___
(a) At the preliminary hearing LA. State penitewary, Angola, LA. 70712

(b) At arraignment and plea David Craig, Public Defenders office In: Covington Louisiana 70433

AO 248 (Rev. 5/85)

  (c) At trial  DAVID CRAIG, Att. Public Defenders office IN: Covington, Louisiana, 70433

  (d) At sentencing  Same As Above

  (e) On appeal  FRANK SLOAN, Louisiana Appellate Project, 948 Winona Drive, Mandeville, LA., 70471, (985)845-9492, LA. BAR NO. 12136.

  (f) In any post-conviction proceeding  NO

  (g) On appeal from any adverse ruling in a post-conviction proceeding  NO

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
  Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
  Yes ☑   No ☐

  (a) If so, give name and location of court which imposed sentence to be served in the future:  22nd J.D.C. St. Tammany Parish P.O. Box 1090 Covington, LA., 70434

  (b) Give date and length of the above sentence:  Life 7 / 09   2 Lifes / / On or About March or May 09

  (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
  Yes ☑   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

                     None
                 Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

2/8/10
 Date

                   Virgil Smith
                   Signature of Petitioner

E. Ground Five: The Trial Court Judge gave the Jury an instruction that violates Petitioner's Due Process Rights, and Constitutional ~~████~~ provision:

The Trial court gave an unconstitutional ~~instruction~~ to the jury.
When it said that; no one that have been convicted of a felon is allowed to have a gun.
When it was never prove that he was the same Virgil Smith... Where there was no photo's or finger prints, to prove the past-conviction in violation of this focible Rape Claim. Petitioner's Rights to fundamental fairness, and prejudice him... And his right to a fair trial

F. Ground Six: State failed to prove that the five year cleaning had not elapsed.;

The State never prove that cleaning had elapsed on this past-conviction. The state use a Ten (10), cleaning, when it should have you the one that was

10

out At the time of the 1979 conviction, The State erred in useing the cleaning that came out in 1997... The ten year on... An Thus, make the cvnconstitutional conviction void. Testimony by State witness, Mr. Flex Index, made clear that Smith had discharged the sentence, in 1995, so by the time the state us this charge (Forcible Rape.) that he never prove was not what he pleaed too.

Petitioner was deprive of his Right to Due Process, in violation of the Constitution of LA. 1974 And the U.S. Constution. And did subject him to perjudice

G. Ground Seven: Counsel was ineffective at the penalty phase of the trial for failing to investigate, and present significant evidence in Mitigation.

Counsel was ineffective when he did not investigat if this charge was ever re-instituted by the state.

2.

Because of this ineffectiveness, Petitioner was convicted wrongfully. Because of his ineffectness, petitioner was deprive of the effectness of his counsel.
This ineffectness violated his fundalmental Right to Due Process, And deprive him of a fair trial. By not having understanding of the case.

H. Ground Eight: Petitioner was denied his Right to a fair trial and his Right to Due Process of Law, under Amendments I, VI, and XIV to the UNITED STATE CONSTITUTION AND ART. 1, Sec. 2. AND 16 of the LOUISIANA CONSTITUTION of 1974, when the Prosecution Instituted Prosecution on a dismissed charge.

The Prosecutor made claim that he dismissed all charges on Petitioner, And that he had five years to institute when in reality the charge was never instituted by him or his office.

30.

The A.D.A., had known it was violating the Right of Petitioner and let it go uncorrected, even when Counsel of Petitioner made this fact known to the court. Mr. Gardner only tryed to justify his action. An Evidenuary Hearing would prove this claim since the Petitioner have not been able to make clear his claims on paper.

I. Ground Nine: Counsel Failed Effectively to Impeach a witness with His Prior Testimony from the case.

If counsel would have use prior testimony of a Det. that took the stand doing Petitioner's trial; He could have impeach him. But because he did not it subjected him to a wrongeful sentence and conviction. Because of this ineffectness, the effectness of counsel was deprive. Which violated his right to Due Process. And did perjudice him. (Petitioner).

4.

J. Ground Ten: And A Vindictive Clime

The Prosecutor had Reason for wrongefully convicting Petitioner on this Dismiss charge. In October, or November, of 2003 on the eleventh he Ask the Petitioner did he sue him. The Petitioner, said "Yes." The next thing Petitioner was being Trialed And Sentence to 15 Year, then Sent to Angola on A charge that is stell in court records that is now Refused, And have been for (9) nine years now. This conviction is in violation of the Constitution of the U.S. And the Louisiana Constitution of 1974; In violation of the Interest of Justic

5.

An Hearing into this matter would prove all claim in support of the new evidence. The District Court Judge would not be fair, because he was the Judge in this matte and have denied ever writ for Petitioner that came before him. Not to over look. This was the same Judge in every case.

For the foregoing reason Virgil Lorenzo Smith, respectfully pray that this Honorable Court grant him a hearing on his claims, and the new evidence found within the last 7, or 8 years of looking for it. Because it have never been heard on it's merits. Petitioner was wrongfully convicted of one count of convicted felon in possession of a firearm and sentence to 15 years at hard labor without benefit of probation, parole, or suspension of sentence

6.

Petitioner herein submits claim to this Honorable Court, based on the egregious conviction and sentence, in the Interest of Justic, and thus requests the granting of a hearing before this Court so that he may prove his claim without doubt or confusion.

VIRGIL L. Smith #89717
LOUISIANA STATE Prison
CAMP D H½ S₂
ANGOLA, LA., ~~Prison~~
70712

TO  HON. Clerk Of Court
    U.S. District Court
    500 Camp Street, Room C-151
    NEW ORleans, LA., 70130